Maxine Slaughter, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

464 

Argued September 13, 1979, before Judges CRUM-
LISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*Kathryn Kolbert,* with her *Stephen Gold,* and *El-
len Josephson,* for appellant.

*Catherine Stewart,* Assistant Attorney General, for
appellee.

OPINION BY JUDGE ROGERS, October 15, 1979:

Maxine Slaughter has appealed from an order of
the Pennsylvania Department of Public Welfare
(DPW) sustaining the denial by the Philadelphia
County Board of Assistance of her application for
emergency assistance in the amount, as we understand
the record, of $300.00. We reverse.

Ms. Slaughter was employed by Lankenau Hos-
pital for about ten years. Illness forced her to leave
her work. She applied for assistance and in October,
1977 she and her two children became recipients of
Aid to Families With Dependent Children (AFDC) in
the amount of $302.00 per month, an amount less than
she made at Lankenau. Ms. Slaughter had financial
obligations when she left her work which became
pressing when her income was reduced. A furniture
dealer caused a levy to be made on all her household
furnishings for a $241.00 bill, to avoid which she used
money which she would otherwise have paid on her

home mortgage. This caused her to become three months delinquent on her home mortgage and the savings and loan sent her a letter in late February, 1978 telling her that if she paid the amount of the delinquency, $416.16, her "account will then be removed from a Foreclosure status and no legal processing will be instigated on your account." At this point Ms. Slaughter applied to the County Board of Assistance for an "emergency shelter assistance grant" of $300.00 under 55 Pa. Code §289.4(a)(2)(i), which provides in part that "[e]mergency assistance for total shelter needs may be authorized to eligible families or individuals who meet the eligibility criteria. . . . Total shelter needs means a payment for . . . mortgage. . . ." The County Board found that Ms. Slaughter was not in an emergency situation under 55 Pa. Code §289.2, which defines an emergency as "[s]udden unexpected circumstances creating a breakdown of individual or family functioning in meeting basic family needs and resulting in a need for immediate action to avoid destitution of the individual or minor children residing in the family unit." The County Board found that Ms. Slaughter's predicament was due to money mismanagement and denied her application.

We disagree with the County Board's characterization of Ms. Slaughter's difficulty as being due to money mismanagement, and indeed the Department of Public Welfare in its brief agrees that this was at least an inaccurate description. In fact Ms. Slaughter's indebtedness for the furniture and on account of the mortgage were incurred during her employment at Lankenau. There is no evidence in the record which would tend to show that Ms. Slaughter spent her money improvidently or that had she been able to work she would not have met her obligations. Nor do we agree with the County Board's conclusion that Ms. Slaughter was disqualified because she had not dem-

onstrated that she was faced with "sudden unexpected circumstances" as 55 Pa. Code §289.2 requires, because she knew these obligations would come due when she incurred them. In our view, the "sudden unexpected circumstance[]" was the loss of her employment from which all else flowed, including the threatened loss of her home. Therefore Ms. Slaughter being a person described in 55 Pa. Code §289.1(a) as one "unable to engage in [her] normal employment, to deal with a crisis situation causing a threat to the well-being of [her] family and to meet urgent needs resulting from a sudden event requiring immediate aid," should have been granted emergency assistance.

Accordingly, we enter the following

#### · ORDER

AND Now, this 15th day of October, 1979, the order of the Department of Public Welfare dated May 30, 1978 is reversed and this case is remanded to the Department of Public Welfare for action consistent with this opinion.